**Anthony J. SARNO d/b/a Sunlight Tomato Co.**

v.

**FLORIDA EAST COAST RAILWAY CO.**

Civ. A. No. 70–1400.

United States District Court, D. Massachusetts.

June 1, 1971.

Frank Infelise, Lynn, Mass., for plaintiff.

Richard J. Ferriter, Westwood, Mass., for defendant.

## OPINION

WYZANSKI, Chief Judge.

Plaintiff alleges that he delivered to the defendant in Florida in good order and condition a shipment of tomatoes for transportation to Boston on a

straight bill of lading of the type covered by The Carmack Amendment, 49 U.S.C. § 20(11), that the tomatoes were damaged while they were either in defendant's possession or in the possession of subsequent carriers, and that defendant is liable for plaintiff's loss.

The parties have stipulated that in fact the goods in question were delivered to defendant in Florida for shipment to Boston on the type of bill of lading alleged in the complaint.

Defendant moves to dismiss this action on the ground that it is not subject to the jurisdiction of this court. It claims that it is not doing business here, has no agent for service of process within this commonwealth, and does not fall within the provisions of the Massachusetts "Long-arm" statute, Mass.G.L. c. 223A (1968).

It will be sufficient to refer to that provision of the "Long-arm" statute [Mass.G.L. c. 223A, § 3(b)] which provides that "a court may exercise personal jurisdiction over a person, who acts directly or by an agent as to a cause of action arising from the person's * * * (b) contracting to supply services or things in this commonwealth."

The transportation here involved was covered by The Carmack Amendment, 49 U.S.C. § 20(11). The effect of that amendment is "that a receiving carrier, in spite of any stipulation to the contrary, shall be deemed, when it receives property in one State to be transported to a point in another involving the use of a connecting carrier for some part of the way, to have adopted such other carrier as its agent, and to incur carrier liability throughout the entire route, with the right to reimbursement for a loss not due to his own negligence." Atlantic Coast Line v. Riverside Mills, 219 U.S. 186, 205, 31 S.Ct. 164, 169, 55 L.Ed. 167.

Inasmuch as Florida East Coast Railway Co. received in Florida a shipment of tomatoes for transportation to Boston on a straight bill of lading covered by The Carmack Amendment, it follows that defendant had contracted to supply services in this commonwealth. The damage of which complaint is made presents a cause of action arising from that contract. Thus § 3(b) of the Massachusetts "Long-arm" statute is applicable.

Motion to dismiss denied.