**DESIGNS BY GLORY, LTD., Plaintiff,**

v.

**MANHATTAN CREATIVE JEWELERS, INC., Rekha Samtani, Sunil Samtani, and Luvi Samtani, Defendants.**

No. 87 Civ. 676 (EW).

United States District Court, S.D. New York.

April 17, 1987.

Weg & Myers, P.C., New York City, for Designs by Glory, Ltd.; Ira M. Myers, of counsel.

Lubell & Koven, New York City, for Manhattan Creative Jewelers, Inc., Rekha Samtani, Sunil Samtani and Luvi Samtani; Irving Hamada, of counsel.

## OPINION

### EDWARD WEINFELD, District Judge.

Defendant Manhattan Creative Jewelers, Inc. ("Manhattan"), et al., a Texas corporation with its principal place of business in Laredo, Texas, moves for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the Southern District of Texas, Laredo Division, where a previously filed action is pending between the parties.

Seven weeks after the commencement of the foregoing Texas action, originally filed in Texas State Court and removed by Designs By Glory, Ltd. ("Designs"), a New York corporation with its principal place of business in New York City, under diversity jurisdiction to the United States District Court for the Southern District of Texas, Laredo Division, Designs instituted the instant action in this Court. By this action, Designs seeks to recover over $125,000.00 for gold jewelry it sold to Manhattan, the jewelry being the subject of Manhattan's claims against Design in the Texas suit. Designs also charges that Sunil Samtani, one of Manhattan's principals, libeled Designs by statements to an alleged customer that Designs sells inferior grades of gold and engages in fraudulent sales practices by short-weighing and short-karating its gold.

In the Texas action, Manhattan charges Designs with breach of express and implied warranty on the grounds that Designs represented the gold it sold to Manhattan as 14 karat gold, when in fact it was an inferior grade of gold. Manhattan seeks damages in excess of $1,000,000 flowing from the alleged breach, as well as the return of promissory notes issued in connection with the transaction.

In support of its motion to transfer, Manhattan asserts that: 1) its "first-filed" action now pending in that Court arises out of the same facts and raises similar issues as in the instant action and should therefore take precedence over the instant action; 2) it expects to call as witnesses five customers, representatives of Texas jewelry businesses, who will testify as to the inferior quality of the gold and the loss of goodwill suffered by Manhattan; and 3) this cause of action arose in Texas, where Manhattan took delivery of the goods, and that Texas law thus applies to its adjudication.

Designs, in resisting the motion, asserts that this cause of action arose in New York, where a representative of defendant would travel to enter into contracts with Designs; it also asserts that none of its agents telephoned or traveled to Texas in connection with any business it had with Manhattan. Designs does not dispute that the injury allegedly sustained by Manhattan occurred in Texas.

### Discussion

■ 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is clear that this action, brought against a Texas domiciliary by a New York corporation with an amount in controversy over $10,000, could have been brought in the Southern District of Texas in the first instance. While the burden is on the moving party to establish that there should be a change of forum and the plaintiff's choice of forum is entitled to some consideration,[1] the Court is required to analyze the factors that traditionally come into play on a motion to transfer. These factors include: 1) the convenience of parties; 2) the convenience of witnesses; 3) the relative ease of access to sources of proof; 4) the availability of process to compel attendance of un-

---

1. *Factors Etc. v. Pro Arts, Inc.,* 579 F.2d 215 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

willing witnesses; 5) the cost of obtaining willing witnesses; 6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and 7) the interests of justice.[2] Each of these factors will be discussed separately.

### 1. Convenience of the Parties

No matter where this action is to be heard, should it proceed to trial, either the plaintiff or the defendant will be inconvenienced by having to travel a substantial distance. Because Manhattan has not made a clear-cut showing[3] that it will be more inconvenienced by having to come to New York to defend this action than Designs would be in going to Texas to prosecute it, Manhattan has not met its burden that the convenience to the parties favors a transfer of this case.

### 2. Convenience of Witnesses; Availability of Process

Manhattan has, however, made a substantial showing that the convenience to witnesses favors a transfer to the Southern District of Texas. Manhattan has listed five non-party witnesses, all Texas residents selling gold at the retail level, who are expected to testify as to the inferior quality of gold they purchased from Manhattan. None of these witnesses are within the subpoena power of this Court, and it would be unnecessarily expensive to have them come to New York to testify were

they willing. Moreover, Designs has not listed a single non-party witness it expects to call, let alone a witness who would be inconvenienced by traveling to Texas.[4]

### 3. Access to Sources of Proof

Apart from the testimony of live witnesses, much of the proof in this case appears to consist of invoices, receipts, promissory notes, checks, and other documentary evidence, all of which is easily discoverable. Manhattan's proof concerning the quality of the gold it purchased will also consist of testimony from the above-mentioned Texas witnesses. Manhattan therefore has met its burden that sources of proof will be more accessible if the matter is transferred to Texas.

### 4. Where the Case Will Be Tried More Expeditiously

▇▇▇▇ The parties' dispute as to where this cause of action arose and which state's law should apply is irrelevant. The bulk of this case is governed by Article 2 of the Uniform Commercial Code,[5] which has been adopted in both New York and Texas. Were this case to be transferred, it is probable that it would be consolidated with the pending Texas action. The Texas Court has already set a discovery deadline for the related litigation, which seems to be proceeding at a quicker pace than the instant litigation.[6] Moreover, it is significant that

---

**2.** *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D. N.Y.1967). *See also Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964).

**3.** *See Vincent v. Davis-Grabowski, Inc.,* 628 F.Supp. 430, 433 (S.D.N.Y.1985).

**4.** Although Designs states a cause of action for a libelous statement made to a Mr. Berger who apparently is from New York, Designs has not stated that it expects to call him to the witness stand. In any event, the inconvenience he may suffer in going to Texas to testify is outweighed by the reciprocal inconvenience faced by Manhattan's five Texas witnesses.

**5.** As stated earlier, although Designs asserts that it also has a claim for libel which arose in New York, Designs does not include the person who heard the allegedly libelous statement in its list of witnesses.

**6.** In this connection, the Court rejects Manhattan's argument that the existence of a related litigation filed prior to the filing of this litigation *compels* a transfer to the Southern District of Texas. Although there is a "general policy that where two actions embrace the same issues, as a matter of sound judicial administration, the first action should have priority absent special circumstances supporting a different result," *National Patent Development Corp. v. American Hospital Supply,* 616 F.Supp. 114, 117 (S.D.N.Y. 1984); *see also Meeropol v. Nizer,* 505 F.2d 232, 235 (2d Cir.1974); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177, 178 (2d Cir.1969); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 423 (2d Cir.1965), *petition for certiorari dismissed,* 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); *Remington Products Corp. v. American Aerovap, Inc.,* 192 F.2d 872, 873 (2d Cir.1951), the "first-filed" rule should not be applied to the exclusion of other considerations. *Hammet v. Warner Bros. Pictures, Inc.,*

in removing the action to Texas federal court, Designs failed to interpose a counterclaim based on its claims in this action and waited seven weeks before commencing this action.

■ Having considered all the relevant factors, including the conservation of judicial resources, the Court holds that the interests of justice require that this action be transferred to the Southern District of Texas. There is no good reason to require five witnesses (who will most likely testify for Manhattan in the first-filed action in Texas) to travel to New York, or to require Manhattan to prove much of its case via deposition testimony should the witnesses be unwilling to travel to New York, when a more desirable and convenient forum for this litigation exists in the Southern District of Texas.

### Conclusion

Defendants' motion to have this case transferred to the United States District Court for the Southern District of Texas is granted.

So ordered.

176 F.2d 145, 150 (2d Cir.1949); *National Pat-* *ent,* 616 F.Supp. at 118.