**Barry MILLER, Plaintiff,**

v.

**COUNTY OF PASSAIC, NEW JERSEY, et al., John Bonazzi, et al., Edwin Englehart, Felix Garcia, Curtis Taylor, Bernard Kerick, Lt. Henion, Jerry Torres, Sgt. Rosado, Frank Maias, Ronald Souza, John Alessio, Joseph A. Falcone, et al., Defendants.**

**No. CV–88–1184.**

United States District Court, E.D. New York.

Nov. 17, 1988.

## MEMORANDUM AND ORDER REQUIRING APPOINTMENT OF COUNSEL

WEINSTEIN, District Judge.

Plaintiff, a New York state prisoner, complains about events in a New Jersey state prison, and sues New Jersey corrections authorities in a case requiring a knowledge of New Jersey state prison practice. 28 U.S.C. § 1332(a)(1); 42 U.S.C. §§ 1981, 1983, 1985 and 1986; Amendments I, V, VII, and XIV of the United States Constitution.

A motion to dismiss by the Attorney General of New Jersey was granted. The other defendants have apparently not appeared. It is not clear whether they have been served. Plaintiff alleges that on or about September 11, 1985, while a prisoner in the Passaic County Detention Center, he was placed in administrative segregation and denied the right to visit with his family, all without a hearing, in violation of his due process rights. Plaintiff further claims that he was denied the right to practice his religion while at the Passaic County Detention Center, that his mail was tampered with, and that he was subjected to nightly searches, among other violations of his rights. He claims these violations were performed by detention officials acting in their official capacity as state officers, who did not deny the rights of other prisoners similarly situated.

The plaintiff is presently incarcerated at the Ossining Correctional Center, in Ossining, New York. His family resides in the Village of Valley Stream, in the County of Nassau, State of New York. All the defendants and probable witnesses except for plaintiff reside in the State of New Jersey, where the alleged cause of action arose.

The County of Passaic has yet to respond to plaintiff's complaint. Process was served upon the Attorney General for the State of New Jersey, although he was not named anywhere in the complaint as a defendant, and was not accused of taking part in the alleged denial of civil rights. The court granted the Attorney General's motion to dismiss for failure to state a cause of action.

Plaintiff has requested assignment of a court-appointed attorney. This request was denied on October 18, 1988, on the ground that there was not then sufficient basis for appointment of an attorney.

A preliminary issue is whether the case should be transferred to the New Jersey District Court, on the court's own motion, for the convenience of the witnesses. The court has the power to provide for such a transfer sua sponte. *Lead Industries Assoc., Inc. v. OSHA*, 610 F.2d 70, 79 n. 17 (2d Cir.1979); *cf. ITE Circuit Breaker Co. v. Becker*, 343 F.2d 361 (8th Cir. 1965).

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1391(a) provides that an action may be brought "in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Since the defendant county and officials are in New Jersey, and the alleged injury occurred in New Jersey, New Jersey would be a suitable forum in which to bring this suit. The case could have been brought in New Jersey originally; therefore it may be transferred there.

In order to make a determination on whether or not to grant a change of venue for convenience of parties and witnesses, the court must weigh several factors, including: relative ease of access to sources of proof; availability of process to compel the presence of unwilling witnesses; cost of obtaining presence of the witnesses; possibility of view of the premises, if appropriate to the action; problems involved in trying the case expeditiously and inexpensively; and interests of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–508, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1946). The judge must consider both public and private interests. The public interests are primarily familiarity of the court with the law to be applied, and desirability of having local controversies decided at home. *Id.* 330 U.S. at 509, 67 S.Ct. at 843.

An important consideration is the plaintiff's choice of forum. That choice is entitled to great weight and should not be disturbed except when the balance of public and private interest factors clearly weighs in favor of trial in an alternative forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 256–57, 102 S.Ct. 252, 266–67, 70 L.Ed. 2d 419 (1981).

Convenience of the defendants and the needs of the court would be served by transferring the case to New Jersey. The events giving rise to the cause of action took place in New Jersey; the defendants all reside in New Jersey, and most of the people who might be called as witnesses live in New Jersey. The New Jersey District Court would have jurisdiction over those witnesses and would be familiar with the state's prison practices.

The only parties to this action who reside in New York are the plaintiff and his family. His family would not be subjected to great hardship travelling from Nassau County to New Jersey, a relatively short distance.

Changing venue to New Jersey District Court would thus serve the interest of justice, except for two problems. First, the plaintiff is unable to attend court because he is in prison. A hearing requiring his production would require his transportation across state lines. New York would undoubtedly object to losing jurisdiction over him. Interstate rendition problems are sometimes complex. *Cf. Brown v. Ponte*, 842 F.2d 16 (1st Cir.1988); *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974). Were he to be produced in the Eastern District, by contrast, New York State and federal officials would be able to produce him easily in view of cooperative arrangements long in force between them.

Second, the court has now decided that counsel should be appointed for plaintiff on the basis of the supplemented record. A New York attorney appointed to represent plaintiff would have something to say about any transfer, and would have difficulty representing his client in New Jersey.

The pro se clerk is directed to arrange for appointment of counsel for plaintiff from the panel of attorneys who have graciously volunteered for this service.

SO ORDERED.