Lawrence FRASCA and Margaret Frasca, Plaintiffs,

v.

R. Stephen YAW as Town of Ticonderoga Police Officer, Michael Connery, as Police Com'r, Town of Ticonderoga, Ticonderoga Town Police Dept., Town of Ticonderoga, John McDonald, as Dist. Atty. of Essex County, and John McDonald, Individually, Essex County, Julius Daby, James LeFevre and Louis LeFevre, Defendants.

No. CV 91–3246 (ADS).

United States District Court, E.D. New York.

March 26, 1992.

**328**

Daniel A. Conti, Hempstead, N.Y., for plaintiffs.

Fitzgerald Morris Baker Firth, P.C. (Robert P. McNally, of counsel), Glens Falls, N.Y., for defendants R. Stephen Yaw, Michael Connery, Ticonderoga Town Police Dept. and the Town of Ticonderoga.

Law Offices of Brooks & Meyer (James M. Brooks, of counsel), Lake Placid, N.Y., for defendants John McDonald as Dist. Atty. of Essex County, John McDonald, Individually, and Essex County.

Plunkett & Jaffee, P.C. (John P. Cahill, of counsel), White Plains, N.Y., for defendants Julius Daby, James LeFevre and Louis LeFevre.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

In this action brought pursuant to 42 U.S.C. § 1983 for alleged violations of the plaintiffs' civil rights, the ten defendants uniformly move to dismiss the action, pursuant to 28 U.S.C. § 1406(a), or to transfer venue of this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.

The primary issue to be resolved, is whether venue in the Northern District of New York is appropriate pursuant to the statutory provisions.

For the reasons set forth below, the Court grants the defendants' motions to transfer venue to the federal district court for the Northern District of New York.

## I. FACTUAL BACKGROUND

On May 25, 1990, at approximately 5:15 p.m. in the Town of Ticonderoga, Essex County, New York, the plaintiff Lawrence Frasca was arrested by Police Officer R. Stephen Yaw ("Yaw") and charged with criminal mischief in the fourth degree, a misdemeanor, in violation of PL § 145.-00(1). Officer Yaw ("Yaw") was employed by the Town of Ticonderoga.

According to the complaint, the plaintiff was then subjected to a warrantless search of his person. The search was allegedly conducted in a violent manner, during which time the officer verbally assaulted and abused the plaintiff with the intention of humiliating and embarrassing him in front of his children and the general public.

Officer Yaw then took Lawrence Frasca to the Ticonderoga Police Station. The complaint alleges that Officer Yaw, along with Police Commissioner Connery ("Connery"), the Ticonderoga Town Police Department, the Town of Ticonderoga, John C. McDonald ("McDonald") and Essex County ("the County") "unlawfully imprisoned and detained [the plaintiff] for four hours, all without probable cause, or any lawful cause whatever" (Complaint, ¶ 16).

Thereafter, Lawrence Frasca was booked, fingerprinted and photographed by personnel of the Ticonderoga Police Department. As a result, Frasca employed legal counsel to represent him in proceedings before the Town Justice of Ticonderoga.

The plaintiffs allege that the arrest was proximately caused by the "improper and illegal conduct" of defendant McDonald, acting District Attorney for Essex County, who was also acting as private attorney for defendants Julius Daby, Louis LeFevre and James LeFevre at the time (¶ 19). The charge against Lawrence Frasca were dis-

missed by the court in the interest of justice.

None of the defendants has as yet filed an answer in this case.

## II. PROCEDURAL SETTING

In separate motions, the defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a) "for improper venue or, in the alternative," pursuant to 28 U.S.C. § 1404(a) "if it be deemed in the interest of justice," that this action be transferred to the United States District Court for the Northern District of New York.

According to the defendants, all of the defendants reside in Essex County, within the Northern District of New York, and the cause of action arose in Essex County since Lawrence Frasca was arrested there. The defendants add that the majority, if not all of the witnesses to be called, reside in Essex County. The underlying dispute between neighbors which gave rise to the arrest occurred in Essex County and the prosecution of Mr. Frasca took place there. Consequently, the defendants urge, this case should be heard in the Northern District of New York.

The defendants also move, pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the action as to plaintiff Margaret Frasca for failure to state a claim upon which relief can be granted. The defendants contend that all of the allegations in the complaint center on events involving Lawrence Frasca, not Margaret Frasca. In addition, no derivative claim is made and the defendants argue that even if such a claim were set forth, the derivative spousal claim cannot be asserted under 42 U.S.C. § 1983.

Pursuant to Fed.R.Civ.P. 12(b)(6), the defendants further move to dismiss the claim pursuant to 42 U.S.C. § 1985(3). According to the defendants, any claim based upon 42 U.S.C. § 1985(3) must allege a deprivation based on racial or other class-based discrimination, and no such allegations have been asserted in this case.

The plaintiffs, however, oppose the motion to dismiss or transfer venue and claim that "upon information and belief" (Conti Affidavit in Opposition at p. 3), two of the defendants—the LeFevre brothers—are residents of New Jersey. Counsel for the plaintiffs further alleges that the initial civil dispute from which the instant action arose "evolved from the contract of sale under which the plaintiffs purchased their home in Lake George" (*id.*). However, these facts are not asserted in the complaint. Counsel maintains that this land contract was executed in Hempstead, a fact also omitted from the complaint.

In reviewing the equities, the plaintiffs urge the Court to consider that Lawrence Frasca is a retired New York City fireman who lives on a pension and who is the sole support of his wife and three children. Counsel adds that "family funds are limited, and they should not be forced to expend large sums of money traveling to and from Albany in order to seek redress for the wrongs perpetrated upon them by the defendants" (*id.*).

In regard to the claim of Margaret Frasca, the plaintiffs allege that since she was forced to suffer the humiliation and degradation of having her husband arrested, and since defendant Yaw illegally entered the Ticonderoga premises of which she is a co-owner, she is entitled to recover.

In reply, the defendants emphasize that this lawsuit was commenced for the alleged violation of the civil rights of the Frascas (i.e., false arrest, unlawful imprisonment) which arose in the Northern District of New York. Therefore, the land contract referred to by the plaintiffs has no connection to this lawsuit.

The defendants add that the plaintiffs have presented no affidavit by any one with personal knowledge that the LeFevres are residents of New Jersey. Furthermore, the defendants claim that the plaintiffs are not impoverished and that they have supplied no affidavit to support this contention. The defendants state that the Frascas maintain a residence in East Rockaway, New York, as well as a summer residence in Ticonderoga, with access to Lake George.

## III. DISCUSSION

The Court first considers the propriety of a transfer before addressing the issue of a § 1985(3) cause of action.

### A. *Motion to Transfer*

■ A motion to transfer venue from one federal district court to another, when venue is initially proper, is governed by 28 U.S.C. § 1404(a), which provides, in pertinent part:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The goal of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" (*Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 [1964], *quoting Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 [1960]).

The inquiry on such a motion to transfer is two-fold: *First,* whether the action sought to be transferred is one that "might have been brought" in the district court which the movant seeks to have the case litigated, *i.e.,* the "transferee" court. If so, *second,* whether, considering "the convenience of parties and witnesses" and "the interest of justice," a transfer to the proposed district is appropriate (*see Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 986 [E.D.N.Y.1991]; *Schneider v. Sears,* 265 F.Supp. 257, 261 [S.D.N.Y. 1967]).

On a motion to transfer, the movant bears the burden to "clearly" establish that a transfer is appropriate and that the motion should be granted (*see Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218–19 [2d Cir.1978], *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 [1979]; *see also Arrow Elecs., Inc. v. Ducommun, Inc.,* 724 F.Supp. 264, 265 [S.D.N.Y.1989], *quoting Morales v. Navieras de Puerto Rico,* 713 F.Supp. 711, 712 [S.D.N.Y.1989]; *Schneider v. Sears, supra,* 265 F.Supp. at 263).

With these principles in mind, the Court addresses the two-part inquiry.

(1) "Might Have Been Brought":

In this civil action, the question of whether venue is initially proper is governed by 28 U.S.C. § 1391(b), which provides in pertinent part:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only if (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

As to the first query, the parties do not dispute, and the Court finds, that the Northern District of New York is a district where the action "might have been brought" originally. Therefore, the transferee district, namely, the Northern District of New York, is a proper place of venue for the trial of this action in accordance with 28 U.S.C. § 1391(b).

The Court must now turn to the second prong of the test, namely, whether a transfer is warranted in light of the convenience of the parties and witnesses, and if it would be in the interest of justice.

(2) "For the Convenience of Parties and Witnesses" and "in the Interest of Justice":

Whether an action should be transferred under section 1404(a) "is left to the sound discretion of the district court" (*Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.,* 865 F.2d 513, 520 [2d Cir. 1989] [citing cases]). In order to assist in this determination, the courts have employed a variety of factors that serve as a guidepost, none of which are singly dispositive. Those factors include: (1) conve-

nience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) availability of process to compel the attendance of witnesses to testify at trial (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances (*see e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,* 745 F.Supp. 993, 996 [S.D.N.Y.1990]; *Schieffelin & Co. v. Jack Co. of Boca, Inc.,* 725 F.Supp. 1314, 1321 [S.D.N.Y.1989]; *Turner v. Hudson Transit Lines, Inc.,* 724 F.Supp. 242, 243 [S.D.N.Y.1989]; *Miller v. County of Passaic,* 699 F.Supp. 409, 411 [E.D.N.Y. 1988], *citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 [1947]).

■ Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens* (*see Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 [1955]), section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis (*see Norwood v. Kirkpatrick, supra,* 349 U.S. at 32, 75 S.Ct. at 546).

Each of the factors is considered below, seriatim.

### (i.) Convenience of the Parties

All of the defendants request a transfer, which the plaintiff opposes. The logical starting point is a consideration of the residence of the parties (*see Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1550 [S.D.N.Y. 1986], *citing, Copulsky v. Boruchow,* 545 F.Supp. 126, 128–29 [E.D.N.Y.1982]). The plaintiffs reside in Nassau County on Long Island. However, the plaintiffs also own a second residence in Lake George. The dispute giving rise to the arrest of Lawrence Frasca occurred on or near the Lake George property.

The defendants all reside in Essex County. The defendant municipality lies within the Northern District of New York as well. It is not disputed by the plaintiffs that the incidents giving rise to this lawsuit occurred in the Northern District of New York. The Court finds unavailing the plaintiffs' assertion that the land sale contract for the Lake George house was executed in Hempstead, Long Island. The land sale contract has no apparent relevance with regard to the instant cause of action.

Counsel for the plaintiffs urges the Court to deny the motion based upon Mr. Frasca's status as a retired New York City fireman and as financial supporter to his family. However, the plaintiffs have set forth no factual allegations in this regard, nor have they submitted appropriate affidavits. In fact, the Court takes note of the fact that counsel for the plaintiffs, in his Memorandum of Law in Opposition, does not cite a single legal authority for the arguments he proffers.

Viewing the entire circumstances, the Court finds that although there would be some degree of inconvenience to the plaintiffs, on balance, this factor favors a transfer.

### (ii.) Convenience of Witnesses

■ The location of relevant witnesses and other evidence is a major factor to be considered in a transfer action (*see Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Technicians,* 574 F.Supp. 668, 670–71 [S.D.N.Y.1983]). The convenience of both the party and non-party witnesses is probably the single-most important factor in the analysis of whether a transfer should be granted (*see Hernandez v. Graebel Van Lines, supra,* 761 F.Supp. at 988–989; *Nieves v. American Airlines,* 700 F.Supp. 769, 772 [S.D.N.Y. 1988]; *Saminsky v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 259 [S.D.N.Y. 1974]).

Other than the plaintiffs, all of the witnesses to the arrest of Lawrence Frasca reside in the Northern District of New York. Police Officer Yaw and Commissioner Connery are employed by the Town of Ticonderoga. Defendants Julius Daby, James LeFevre and Louis LeFevre are all residents of Ticonderoga. The District Attorney of Essex County also resides in the Northern District of New York. Any potential witnesses to the incident occurring on or adjacent to Lake George as well as the arrest and booking of Lawrence Frasca all reside in the Northern District.

Based on a review of the potential witnesses to be called, this factor clearly favors a trial in the Northern District of New York.

### (iii.) Relative Means of the Parties

■ Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer (*see, e.g., Goldstein v. Rusco Indus., Inc.,* 351 F.Supp. 1314, 1318 [E.D.N.Y.1972]). Here, several of the defendants are municipal entities, while the remaining six are individuals. No sufficient showing has been made by the plaintiffs that litigating this action in the Northern District of New York would impose an undue hardship upon the plaintiffs. Therefore, the Court finds that this factor is of little or no significance in the analysis under these circumstances.

### (iv.) Locus of Operative Facts

Where the operative facts occurred is an obvious factor to consider (*Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Technicians, supra,* 574 F.Supp. at 670–71; *Copulsky v. Boruchow, supra,* 545 F.Supp. at 128–29), which includes the relative ease of access to the sources of proof (*see, e.g., Y4 Design, Ltd. v. Regensteiner Publishing Enters., Inc.,* 428 F.Supp. 1067, 1069–70[ (S.D.N.Y.1977) ]).

Unlike a complex securities litigation involving numerous interstate transactions with witnesses and voluminous documents located throughout several states (*see Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 936 [S.D.N.Y.1989] ), this is a civil rights action confined to a relatively small geographic area that arose out of an alleged illegal arrest. The *only* locus of operative facts is Ticonderoga, Essex County. Accordingly, this factor favors a trial in the Northern District of New York.

### (v.) Attendance of Witnesses

Another important consideration is the availability of process to compel the attendance of witnesses to testify at trial (*Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at 266, *citing Designs by Glory, Ltd. v. Manhattan Creative Jewelers, Inc.,* 657 F.Supp. 1257, 1258–59 [S.D.N.Y.1987] [other citation omitted] ). It is undisputed that most of the witnesses expected to testify at trial are residents of Ticonderoga and/or Essex County. There is no indication from the parties that such witnesses would be subject to the process of this Court to compel their attendance at a trial conducted in this district (*see* Fed.R.Civ.P. 45[e] ). The Court notes that the physical distance between the two districts is more than 100 miles.

This is a significant factor in the Court's consideration—one that favors a transfer.

### (vi.) The Plaintiffs' Choice of Forum

■ The plaintiffs' initial choice of forum is normally entitled to "great weight" (*Miller v. County of Passaic, supra,* 699 F.Supp. at 411). However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiffs' chosen forum, then the plaintiffs' choice is not accorded the same "great weight" and, in fact, is given reduced significance (*see Cain v. New York State Bd. of Elections,* 630 F.Supp. 221, 227 [E.D.N.Y.1986]; *see also Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at 267).

Section 1401(a) is "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than under *forum non conveniens* dismissal (*Norwood*

*v. Kirkpatrick, supra,* 349 U.S. at 32, 75 S.Ct. at 546; 1A *Moore's Federal Practice* ¶ 0.345[5], 4360–62 [2d ed. 1990]).

Under these circumstances, where the incident occurred in Ticonderoga and most of the witnesses are within the proposed transferee district as well, in this Court's view, the plaintiff's choice of forum is not entitled to the same "great weight" that might normally attach to a motion to dismiss based on *forum non conveniens.* As such, the Court finds that the mere fact that the plaintiffs chose the Eastern District of New York is of less significance under these circumstances.

(vii.) Calendar Congestion; Forum Court's Familiarity With the Governing Law

The Court finds both of these considerations unpersuasive. It is unlikely that a transfer to the Northern District of New York will in any way delay the appropriate disposition of this case. Further, the Northern District of New York shares equal familiarity with the application of New York law in these circumstances.

(viii.) Practical Difficulties

In light of the locus of operative facts being Essex County, and the convenience of the witnesses favoring a transfer to the Northern District of New York, it would, in this Court's view, be more practical for the case to be tried in the Northern District. In sum, a consideration of the practical aspects dictates a transfer.

(ix.) Interest of Justice

Balancing all of the material circumstances of this case in light of the factors set forth above, this Court finds that in the interest of justice, the action should be transferred to the Northern District of New York. The cause of action arose there. Most, if not all, of the witnesses and sources of proof, namely, investigative reports, police reports, documents, and photographs, if any, may be found in the Northern District.

Although the burden on the parties seeking a transfer is a heavy one, in this case, a balancing of the factors indicates to the Court that the burden has been met.

Having determined that transfer of the action is appropriate, the Court need not resolve the motion to dismiss the cause of action as to Margaret Frasca, or the motion to dismiss the § 1985(3) cause of action.

## IV. CONCLUSION

For the reasons stated above, after considering the relevant factors, the Court concludes that this action should be, and hereby is, transferred to the Northern District of New York.

Therefore, the respective motions of each of the defendants to transfer this action, pursuant to 28 U.S.C. § 1404(a) are granted.

The Clerk of the Court is directed to forthwith effectuate the transfer of this action to the Northern District of New York.

The Clerk of the Court is hereby notified that this action closes the case.

SO ORDERED.