UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Plaintiff,

v.

REPUBLIC DRUG COMPANY,
INC., Defendant.

No. CV 91–2573 (ADS).

United States District Court,
E.D. New York.

Aug. 21, 1992.

Rivkin, Radler & Kremer, Uniondale, N.Y., for plaintiff (Michael E. Buckley, of counsel).

Quinn and McGarry, P.C., Buffalo, N.Y., for Defendant (John P. Quinn, Jr., of counsel).

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

In this declaratory judgment action the plaintiff moves, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to amend the Complaint and the defendant moves, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this case to the United States District Court for the Western District of New York.

For the reasons set forth below, the plaintiff's motion to amend the Complaint is denied, and the defendant's motion to transfer this case to the Western District of New York is granted.

## BACKGROUND

This action arises out of the slew of litigation concerning the drug diethylstilbestrol ("DES"). Briefly, it is alleged that DES, which was used by pregnant women to prevent miscarriage and fetal death, causes a variety of disorders in those who ingested the drug, including uterine de-

formities and breast cancer, as well as harm to the fetus. (*See In re DES Cases,* 789 F.Supp. 552, 558 [E.D.N.Y.1992].)

The defendant in this action, Republic Drug Company, Inc. ("Republic"), is a defendant in at least two of these actions pending in courts of the State of New York. In these cases, Republic is alleged to have manufactured, sold, and/or distributed DES, and/or have had a portion of the share of the DES market during the relevant periods. (Complaint, ¶ 8.)

Republic contends that under a number of insurance policies issued by the plaintiff United States Fidelity and Guaranty Company ("USF & G"), the carrier is obligated to defend and/or indemnify Republic in the New York DES cases. USF & G maintains that it never insured Republic in this respect and commenced this action, seeking a declaratory judgment that it has no obligation to defend or indemnify Republic.

## MOTION TO AMEND

■ USF & G moves, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to serve and file an amended complaint. The Court's file contains a document entitled "Complaint for Declaratory Relief and Demand for Jury Trial", which was filed on July 15, 1991, and another document entitled "Amended Complaint for Declaratory Relief and Demand for Jury Trial", filed August 7, 1992. Furthermore, attached to Republic's motion to transfer venue is a third "Complaint", which differs from the "Complaint" and "Amended Complaint" contained in the Court file. Because it is unclear which "Complaint" is the Complaint of record, and whether there already has been an amendment of the Complaint, the Court denies the plaintiff's motion for leave to serve and file an amended complaint, with leave to renew this motion upon the elimination of this confusion.

## MOTION TO TRANSFER

Republic moves, pursuant to 28 U.S.C. § 1404(a), to transfer the venue of this case to the United States District Court for the Western District of New York.

According to Republic, the factors relevant to a motion to transfer venue favor a transfer. Republic contends that it is more convenient for this case to be heard in the Western District, as Republic's principal place of business is located in Buffalo, New York, located within the Western District. Republic further contends that since USF & G's principal place of business is in Baltimore, Maryland, a trial in the Eastern District of New York is not significantly more convenient to USF & G than a trial in the Western District.

Furthermore, Republic maintains that all of the witnesses which will testify on its behalf live in the Buffalo metropolitan area, and has submitted three affidavits which name each of these potential witnesses. These affidavits, however, do not provide a summary of the testimony of these witnesses. Additionally, Republic alleges that the pertinent events occurred in Buffalo, specifically its alleged purchases of the relevant insurance policies from USF & G's alleged Buffalo agent, the Freedman–Harris Agency. Republic concludes that these factors require that this case be transferred to the Western District.

In opposing this motion, USF & G states that while its principal place of business is in Baltimore, its claim personnel and claim files along with relevant information regarding USF & G's alleged issuance of insurance policies to Republic are located in USF & G's offices in Purchase, Westchester County, New York. USF & G asserts that it anticipates calling witnesses from the Westchester office, as well as its offices in Baltimore and in Blue Bell, Pennsylvania, a suburb of Philadelphia, but it does not state who these witnesses are.

Furthermore, USF & G maintains that transfer of this case would make travel for its witnesses considerably more inconvenient. However, surprisingly, in its Memorandum of Law USF & G states that the "close proximity" of the Eastern and Western Districts would not inconvenience any of Republic's witnesses. (*See* Memorandum of Law in Opposition, pp. 5–6.) In apparent contradiction of its earlier assertion that transferring this case to the West-

ern District would be inconvenient for it, USF & G states that Uniondale and Buffalo are in "relatively close proximity" so that "to maintain this case in the Eastern District of New York will not impose any inconvenience upon Republic or its non-party witnesses sufficient to support a change of venue." (Memorandum of Law in Opposition, p. 6.)

USF & G further contends that the "transactions" which have taken place over the years between USF & G and Republic are not limited to western New York State, but does not state that these transactions are related to the Eastern District, or the New York metropolitan area, for that matter, or how these "transactions" are relevant to the instant action. USF & G further claims that Republic unreasonably delayed in making this motion, as this action was pending for ten months before Republic moved to transfer venue.

## DISCUSSION

A motion to transfer venue from one federal district court to another, when venue is initially proper, is governed by 28 U.S.C. § 1404(a), which provides, in relevant part: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The goal of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money'" and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (*Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 [1964] [*quoting Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 (1960) ].)

The inquiry on such a motion to transfer is two-fold: first, whether the action sought to be transferred is one which "might have been brought" in the district court in which the movant seeks to have the case litigated, *i.e.*, the "transferee" court. If so, second, whether, considering "the convenience of parties and witnesses" and "the interest of justice," a transfer to

the proposed district is appropriate. (*See Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 986 [E.D.N.Y.1991]; *Schneider v. Sears*, 265 F.Supp. 257, 261 [S.D.N.Y. 1967].)

On a motion to transfer, the movant bears the burden of "clearly" establishing that a transfer is appropriate and that the motion should be granted. (*See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218–19 [2d Cir.1978], *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 [1979]. *See also Arrow Elecs., Inc. v. Ducommun, Inc.*, 724 F.Supp. 264, 265 [S.D.N.Y.1989] [*quoting Morales v. Navieras de Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y.1989) ]; *Schneider v. Sears, supra*, 265 F.Supp. at p. 263.)

With these principles in mind, the Court will now address the two-part inquiry.

### A. "Might Have Been Brought"

In this civil action, the question of whether venue is initially proper is governed by 28 U.S.C. § 1391(a), which provides, in relevant part:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced."

As to the first query, the parties do not dispute, and the Court finds, that the Western District of New York is a district where the action "might have been brought" originally. Therefore, the transferee district, namely, the Western District of New York, is a proper place of venue for the trial of this action in accordance with 28 U.S.C. § 1391(a).

The Court now turns to the second prong of the test, namely, whether a transfer is warranted in light of the convenience of

the parties and witnesses, and if it would be in the interest of justice.

### B. "For the Convenience of Parties and Witnesses" and "in the Interest of Justice"

■ Whether an action should be transferred under section 1404(a) "is left to the sound discretion of the district court." (*Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 [2d Cir.1989] [citations omitted].) In order to assist in this determination, the courts have employed a variety of factors that serve as a guidepost, none of which are singly dispositive. These factors include: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) availability of process to compel the attendance of witnesses to testify at trial; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances. (*See, e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 [S.D.N.Y.1990]; *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1321 [S.D.N.Y.1989]; *Turner v. Hudson Transit Lines, Inc.*, 724 F.Supp. 242, 243 [S.D.N.Y.1989]; *Miller v. County of Passaic*, 699 F.Supp. 409, 411 [E.D.N.Y. 1988] [citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947) ].)

■ Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens (see Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 [1955] ), section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis. (*See Norwood v. Kirkpatrick, supra*, 349 U.S. at p. 32, 75 S.Ct. at p. 546.)

Each of the factors is considered below, seriatim.

### 1. Convenience of the Parties

■ The logical starting point is a consideration of the residence of the parties. (*See Heyco, Inc. v. Heyman*, 636 F.Supp. 1545, 1550 [S.D.N.Y.1986] [citing *Copulsky v. Boruchow*, 545 F.Supp. 126, 128–29 (E.D.N.Y.1982) ].) Republic's principal place of business is in Buffalo, New York, in the Western District. USF & G's principal place of business is Baltimore, Maryland. USF & G maintains that its office in Purchase, New York, in Westchester County, will play an important part in the trial of this action, as will its office in Blue Bell, Pennsylvania. However, it is unclear from USF & G's papers as to the extent of the importance of these offices in this litigation. In fact, Republic has submitted evidence that USF & G's office in Buffalo might have some significance in this action.

Further, it is apparent that whether this case is heard in the Eastern District or the Western District, USF & G's representatives are going to have to travel. Significantly, the proximity of Buffalo and Uniondale, however, should not work a hardship on USF & G if this case is transferred to the Western District, as USF & G concedes in its brief. (Memorandum of Law in Opposition, p. 6.) Moreover, USF & G's Buffalo office may be of some importance to this case. On the other hand, the fact that Republic's main offices are located in Buffalo makes it significantly more convenient for Republic if this case is transferred to the Western District.

Viewing the entire circumstances, the Court finds that although there may be some degree of inconvenience to USF & G, on balance, this factor favors a transfer.

### 2. Convenience of Witnesses

■ The location of relevant witnesses and other evidence is a major factor to be considered in a transfer action. (*See Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Technicians*, 574 F.Supp. 668, 670–71 [S.D.N.Y.1983].) The convenience of both the party and non-

party witnesses is probably the single-most important factor in the analysis of whether a transfer should be granted. (*See Hernandez v. Graebel Van Lines, supra,* 761 F.Supp. at p. 988–89; *Nieves v. American Airlines,* 700 F.Supp. 769, 772 [S.D.N.Y. 1988]; *Saminsky v. Occidental Petroleum Corp.,* 373 F.Supp. 257, 259 [S.D.N.Y. 1974].) "A party moving under section 1404(a) based on the convenience of witnesses is required in this circuit to specify the key witnesses to be called and must make a general statement as to what their testimony will cover." (*Video Marketing, Inc. v. Nissin Foods (USA) Co., Inc.,* No. 91 Civ. 0683, slip op., 1991 WL 81953 [E.D.N.Y. May 7, 1991] [citing *Don King Productions, Inc. v. Douglas,* 735 F.Supp. 522, 534 (S.D.N.Y.1990) ].)

Republic has specified the party and non-party witnesses it intends to call, and *all* of them reside in the Buffalo metropolitan area. These witnesses consist of Republic employees and employees of the Freedman–Harris Agency, the alleged Buffalo agent of USF & G with which Republic dealt. While Republic has not provided a summary of the expected testimony of each witness, Republic does state that it expects these witnesses to prove that USF & G sold a number of insurance policies to Republic, which require USF & G to provide coverage to Republic with respect to the ongoing DES litigation.

On the other hand, USF & G does not provide the Court with a single name of a possible witness or give the Court a clue as to the substance of the testimony of such witnesses. USF & G provides an affidavit from Deborah Hall ("Hall"), an "Assistant Claims Manager", who states that USF & G's witnesses would "includ[e] USF & G underwriters or other employees from our Purchase, New York, Blue Bell, Pennsylvania and/or Baltimore, Maryland offices" (Affidavit of Deborah Hall, ¶ 4). This affidavit does not name these witnesses, thereby depriving the Court of an opportunity to determine if, in fact, a transfer of this case would actually inconvenience USF & G's witnesses. Hall further maintains that a transfer to Buffalo "will result in increased travel inconvenience for USF & G's em-

ployees", however, as mentioned above, USF & G's counsel states, "the close proximity of the Eastern and Western Districts of New York will not inconvenience any witnesses". (Memorandum of Law in Opposition, p. 5.)

Based on a review of the potential witnesses which will be called by Republic, and the fact that USF & G has failed to specify any potential witness, this factor favors a trial in the Western District of New York.

### 3. Relative Means of the Parties

■ Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the Court may also consider the relative means of the parties in determining whether to transfer. (*See, e.g., Goldstein v. Rusco Indus., Inc.,* 351 F.Supp. 1314, 1318 [E.D.N.Y.1972].) The parties concede, and the Court finds, that as both parties are corporations, the relative means of the parties is irrelevant. (*See Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.,* 734 F.Supp. 54, 59 [N.D.N.Y.1990].)

### 4. Locus of Operative Facts

■ Where the operative facts occurred is an obvious factor to consider (*Mobile Video Servs. Ltd. v. National Ass'n of Broadcast Employees & Technicians, supra,* 574 F.Supp. at pp. 670–71; *Copulsky v. Boruchow, supra,* 545 F.Supp. at 128–29), which includes the relative ease of access to the sources of proof. (*See, e.g., Y4 Design, Ltd. v. Regensteiner Publishing Enters., Inc.,* 428 F.Supp. 1067, 1069–70 [S.D.N.Y.1977].)

From the papers submitted it appears that the events relevant to this case occurred in the Buffalo area. Specifically, Republic states that its negotiations with USF & G's Buffalo agent, the Freedman-Harris agency, and the subsequent sale of insurance through this agency, all happened in Buffalo, and that all relevant documents are in that location. USF & G's conclusory statement that "[t]he correspondence, telephone conversations and discussions which have taken place over the

years between Republic and USF & G have not been limited to interaction in western New York", without further specificity, is insufficient. Moreover, it does not appear that USF & G has significant documentary evidence in its possession. (*See* Complaint, ¶ 14 ["Despite a search for the alleged and unidentified policies of insurance, USF & G is unable to confirm or deny the issuance or existence of any of the alleged policies"].) Accordingly, this factor favors a trial in the Western District of New York.

### 5. Attendance of Witnesses

Another important consideration is the availability of process to compel the attendance of witnesses to testify at trial. (*Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at p. 266 [citing *Designs by Glory, Ltd. v. Manhattan Creative Jewelers, Inc.,* 657 F.Supp. 1257, 1258–59 (S.D.N.Y.1987) ].) The parties concede that this factor has no bearing on this motion, as USF & G will be able to compel the attendance of Republic's witnesses at trial in this Court, while any change of venue to the Western District will not alter Republic's ability to compel the appearances of USF & G's out-of-state employees.

### 6. The Plaintiff's Choice of Forum

The plaintiff's initial choice of forum is normally entitled to "great weight". (*Miller v. County of Passaic, supra,* 699 F.Supp. at p. 411.) However, where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same "great weight" and, in fact, is given reduced significance. (*See Cain v. New York State Bd. of Elections,* 630 F.Supp. 221, 227 [E.D.N.Y.1986]. *See also Arrow Elecs., Inc. v. Ducommun Inc., supra,* 724 F.Supp. at 267.)

As stated above, section 1404(a) is "intended to permit court to grant transfers upon a lesser showing of inconvenience" than under *forum non conveniens* dismissal. (*Norwood v. Kirkpatrick, supra,* 349 U.S. at p. 32, 75 S.Ct. at p. 546; 1A *Moore's Federal Practice,* ¶ 0.345[5], 4360–62 [2d ed. 1990].)

The motion papers are devoid of any nexus between this action and the Eastern District. The closest that USF & G comes to establishing some connection between this action and this Court is stating that relevant witnesses and/or documents are located in Westchester County, which is part of the Southern District of New York. On the other hand, as mentioned above, most, if not all, of the relevant events occurred in the Buffalo area. Therefore, the Court finds that the mere fact that the plaintiff chose the Eastern District of New York is of less significance under these circumstances.

### 7. Calendar Congestion; Forum Court's Familiarity with the Governing Law

The Court finds both of these considerations unpersuasive. It is unlikely that a transfer to the Western District of New York will in any way delay the appropriate disposition of this case. Further, the Western District shares equal familiarity with the application of New York law in these circumstances.

### 8. Practical Difficulties

In light of the locus of operative facts being in the Buffalo area, and the convenience of Republic's witnesses favoring a transfer of the action while such a transfer would have little effect on USF & G's witnesses, who may be traveling from a variety of areas, it would be more practical for this case to be tried in the Western District. In sum, a consideration of the practical aspects dictates a transfer.

### 9. Interest of Justice

USF & G contends that the passage of ten months from the commencement of this action to Republic's motion is a basis for the denial of this motion. "Although delay can be a factor in the Court's determination, there is 'no *per se* rule prohibiting a change of venue merely because a motion to transfer is filed some time after suit is commenced and some progress is made on the pre-trial phase of the case.' " (*Babbidge v. Apex Oil Co.,* 676 F.Supp. 517, 522 [S.D.N.Y.1987] [citing *Essex Crane Rental Corp. v. Vic Kirsch Constr. Co.,* 486 F.Supp. 529, 535 (S.D.N.Y.

1980)].) In determining a motion to transfer venue made after what the non-movant contends is a delay, courts have looked to see if the non-movant would be prejudiced by a transfer. (*See, e.g., Babbidge v. Apex Oil Co., supra,* 676 F.Supp. at p. 522.) In this case USF & G has failed to set forth any reasons why it would suffer prejudice if this case was to be transferred at this time.

 Rather, in the interests of justice this case should be transferred to the Western District. Republic has set forth that its entire case revolves around the Buffalo area, including its place of business, its evidence and its witnesses. Conversely, this case has no relation to this Court, and USF & G has not established that a transfer of this case to the Western District would be a substantial inconvenience. Moreover, it is clear that to keep this case in the Eastern District substantially inconveniences Republic unnecessarily. While the Court is mindful that "[a] mere shifting of inconveniences is not grounds for transfer" (*Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co., supra,* 734 F.Supp. at p. 60.), a transfer here does not merely shift inconvenience and expense but, to a great extent, eradicates them.

Although the burden on the parties seeking a transfer is a heavy one, in this case, a balancing of the factors indicates to the Court that the burden has been met.

### CONCLUSION

For the reasons stated above, after considering the relevant factors, the Court concludes that this action should be, and hereby is, transferred to the Western District of New York.

Therefore, the defendant's motion to transfer this action, pursuant to 28 U.S.C. § 1404(a) is granted.

The Clerk of the Court is directed to effectuate the transfer of this action to the Western District of New York in accordance with Local Civil Rule 26.

The Clerk of the Court is hereby notified that this action closes this case.

SO ORDERED.