## In re SIMON II LITIGATION.

### No. 00–CV–5332.

United States District Court, E.D. New York.

July 11, 2002.

Weitz & Luxenberg, New York City, by Perry Weitz, Robert J. Gordon, Jerry Kristal, Richard L. Akel, Lieff, Cabraser, Heimann, & Bernstein, New York City, by Steven E. Fineman, Thomas M. Sobol, Lieff, Cabraser, Heimann, & Bernstein, San Francisco, CA, by Elizabeth J. Cabraser, Richard M. Heimann, Robert J. Nelson, Sporwood Wilner Maciejewski & Matthews, P.A., Jacksonville, Florida, by Norwood Wilner, Wait, Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, Ohio, by Stanley Chesley, Brown Rudnick Freed & Gesmer, Boston, MA, by Gregory T. Carnold, Wayne F. Dennison, Sheller Ludwig & Badley, Philadelphia, PA, by Charles Mangan, for plaintiff in Simon I & Simon II.

Law Offices of Peter G. Angelos, P.C., Baltimore, MD, by Joshua Kassner, John Angelos, O'Donoghue & O'Donoghue, Washington, D.C., for National Asbestos.

Milberg Weiss Bershad Hynes & Lerach, New York City, by Melvyn I. Weiss, Beth A. Kaswan, Michael C. Spencer, for Bergeron.

Dewey Ballantine, LLP, New York City, by Paul J. Bschorr, Vincent R. FitzPatrick, Jr., Michael Hefter, Heather K. McDevitt, Dewey Ballantine, LLP, Washington, DC, by Martha J. Talley, for Blue Cross, et al.

The Cuneo Law Group, Washington, D.C., by Jonathon W. Cuneo, Hutton & Hutton, Wichita, KS, by Mark B. Hutton, Derek S. Casey, Chan P. Townsley, Richardson & Ward, Tulsa, OK, by Gary Richardson, for Mason, et al.

Orrick, Herrington & Sutcliffe, LLP, New York City, by Peter A. Bicks, James L. Stengel, Thompson, McNaboe, Ashley & Bull, LLC, P.A., Portland, MA, by Thomas R. McNaboe, Kazan, McClain, Edises, Simon & Abrams, Steven Kazan, Oakland, CA, for Raymark.

Sedgwick, Detert, Moran & Arnold, New York City, by Kevin J. Dunne, Eric M. Kraus, Kirkland & Ellis, New York City, by Marjorie P. Lindblom, David Bernick, Andrew R. McGaan, Deirdre A. Fox, Goodwin, Proctor & Hoar, LLP, Boston, MA, by U. Gwyn Williams, for Brown & Williamson.

Jones, Day, Reavis & Pogue, New York City, by Harold Keith Gordon, Byron G. Stier, George Kostolampros, Jones, Day, Reavis & Pogue, Cleveland, OH, by Theodore M. Grossman, Hugh R. Witing, Mark A. Belasic, Jones, Day, Reavis & Pogue, Washington, D.C., by Robert H. Klonoff, Jones, Day, Reavis & Pogue, Dallas, TX, by Jerome R. Doak, Margaret I. Lyle, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, by Ursula M. Henninger, for R.J. Reynolds.

Greenberg Traurig, LLP, New York City, by Alan Mansfield, Robert J. Kirshenberg, Stephen L. Saxl, Shook, Hardy & Bacon, LLP, Kansas City, MO., by William L. Allinder, Lori Connors McGroder, for Lorillard Tobacco.

Simpson Thacher & Bartlett, New York City, by Michael V. Corrigan, Joseph M. McLauglin, Ronald M. Neuman, Adam I. Stein, for BAT Industries, p.l.c.

Chadbourne & Parke, LLP, New York City, by Donald J. Strauber, David A. Wallace, Daniel Endick, for BATCO.

Arnold & Porter, Washington, DC, by Peter Bleakley, Murray R. Garnick, David S. Eggert, Eric Suter, Dechert Price & Rhoads, New York City, by Peter L. Critchell, Collier, Shannon, Rill & Scott, Washington, DC, by John B. Williams, Thomas W. Mitchell, Goodwin, Proctor & Hoar, Boston, MA, by Kenneth J. Parsigian, Paul E. Namser, for Philip Morris.

Debevoise & Plimpton, New York City, by Anne E. Cohen, Harry Zirlin, Steven S. Michaels, Council for Tobacco Research USA, Inc.

Davis & Gilbert, LLP, New York City, by Bruce J. Ginsberg, for Hill & Knowlton.

Seward & Kissel, LLP, New York City, by Jacob Horowitz, for Tobacco Institute.

Jacob, Medinger & Finnegan, New York City, by Bryan A. McKenna, for Smokeless Tobacco.

Skadden, Arps, Slate, Meagher & Flom, New York City, by Arthur H. Aizley, Eric S. Sarner, for U.S. Tobacco.

Kasowtiz, Benson, Torres & Friedman, New York City, by Leonard A. Feiwus, for Liggett.

## MEMORANDUM AND ORDER (MASON)

WEINSTEIN, Senior District Judge.

### I. *Introduction*

Plaintiffs move (1) for class certification under Rule 23, and (2) to sever from the *Simon II* litigation. Defendants move to transfer the case to the District of Columbia. The motion to sever is granted. The motion to transfer is denied. The motion for class certification will be considered when the court considers a motion to dismiss.

### II. *Discussion*

#### a. Severance

This case was consolidated with the *Simon II* litigation in 2000 because of similarities between factual allegations in the cases. Revisions to the *Mason* and *Simon II* complaints have substantially eliminated the need for consolidation. Severance is granted.

#### b. Transfer

This case was originally transferred to this court from Texas. A case with similar contentions brought by the government has been dismissed by the district court in

Washington, D.C. In the Eastern District there has now been extensive argument in the instant case.

"For the convenience of the parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is discretionary. *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989).

When deciding whether to transfer a case, the court should make a two-fold inquiry: "whether the action sought to be transferred is one which might have been brought in the district court in which the movant seeks to have the case litigated [ ]. If so, second, whether, considering the convenience of parties and witnesses and the interest of justice a transfer to the proposed district is appropriate." *United States Fid. & Guar. Co. v. Republic Drug Co.*, 800 F.Supp. 1076, 1079 (E.D.N.Y.1992) (Internal quotations omitted). The movant bears the burden of establishing that the transfer should be granted. *Id.*

This case was sent here from Texas, to be coordinated with the other pending tobacco litigation, and then was consolidated with the other *Simon II* litigation for purposes of efficiency. Defendants moved to transfer this case to the District of Columbia twice before (where the claim could have been brought) and the motions were denied. The reasons of judicial economy upon which the court based those denials remain. In the interest of justice, after further consideration, the renewed motion to transfer is again denied. *See* Transcript of July 2, 2002 at 64–65.

C. Class Certification

Plaintiffs' complaint names three representative plaintiffs who are to represent "individuals who have received or are receiving health care services for the treatment of tobacco-related illnesses, including, but not limited to, lung cancer, heart disease, emphysema and chronic obstruction pulmonary disease[.], which services have been paid for, or are being paid for, by Medicare[ ]." Fourth Complaint, February 14, 2002, at 1. The representatives seek to act as "private attorneys general" under section 1395y(b)(3)(A) of title 42 of the United States Code, which creates a private cause of action for damages.

The court has suggested that defendants bring a motion to dismiss. While the court of appeals has ruled that the certification issue "does not involve consideration of the merits of the case," *e.g. Robinson v. Metro–North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir.2001), the statutory scheme and viability of the present claim need to be considered in conjunction with the certification issue. *Cf.* Karin S. Schwartz, et al., *Notes from the Cave: Some Problems in Dealing with Class Action Settlements*, 163 F.R.D. 369, 392 (1995). *See* Transcript of July 2, 2002 at 30–31, 98–99.

III. *Conclusion*

The motion to sever is granted. The motion to transfer is denied. Decision on certification is postponed.

So ordered.