■ ISLAND WHOLESALE WOOD SUPPLIES, INC., Appellant, v BLANCHARD INDUSTRIES, INC., et al., Respondents. — In an action to recover damages for breach of warranty and negligence, plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated July 25, 1983, which denied its motion to dismiss the first affirmative defenses of lack of jurisdiction asserted in the answers of both defendants. ¶ Order reversed, with costs, plaintiff's motion granted, and first affirmative defenses in both answers dismissed. ¶ Plaintiff Island Wholesale Wood Supplies, Inc., a domestic corporation engaged in the business of selling firewood, commenced this action to recover damages arising out of the sale of a firewood processor which was manufactured by defendant Blanchard Industries, Inc., and serviced by defendant Abbot Machine Co. Each defendant is a New Hampshire domiciliary and each raised the affirmative defense of lack of jurisdiction in its answer. The terms of sale included the words "F.O.B. Wilton, N.H." and it is undisputed that plaintiff's employees picked up the machine in New Hampshire and brought it back to their place of business in New York. After delivery, one of Blanchard's salesmen came to plaintiff's place of business in New York to set

up the machine and to instruct the employees in its use, and its sales manager came to replace certain damaged parts. Blanchard then retained Abbott to service the machine. This service consisted of shipment of parts to the plaintiff on three occasions and of one service visit. ¶ At issue is Special Term's denial of plaintiff's motion to dismiss the affirmative defenses of lack of jurisdiction in which plaintiff contended that defendants "contract[ed] anywhere to supply goods or services in the state" (see CPLR 302, subd [a], par 1). Special Term concluded that the "F.O.B. Wilton, N.H." term did not reveal an intent on the part of the seller to avail itself of the privilege of conducting business in this State, even if the seller was aware that the buyer intended to bring the goods into this State. ¶ Under the 1979 amendment to CPLR 302 (subd [a], par 1), a nondomiciliary who "contracts anywhere to supply goods or services in the state" is subject to jurisdiction in New York (L 1979, ch 252). The amendment was intended to abrogate the "mere shipment" rule established by prior case law (see, e.g., *Kramer v Vogl,* 17 NY2d 27) and was proposed to extend New York long-arm jurisdiction to is constitutional limits (Recommendation of the Law Rev Comm to the 1979 Legislature, 1979 McKinney's Session Laws of NY, pp 1450-1453; see *West Mountain Corp. v Seasons of Leisure Int.,* 82 AD2d 931). To meet the demands of due process, the defendant's contacts with the forum State must be such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice'" (*International Shoe Co. v Washington,* 326 US 310, 316, quoting from *Milliken v Meyer,* 311 US 457, 458). When a foreign corporation "'purposefully avails itself of the privilege of conducting activities within the forum State'", it can reasonably anticipate being subject to suit there (*World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 297, quoting from *Hanson v Denckla,* 357 US 235, 253). As intended by its drafters, the amendment deems the shipment of goods into the State or the performance of services in the State to be an act by which a nondomiciliary avails itself of the privilege of conducting activities in the State (Recommendation of the Law Rev Comm to the 1979 Legislature, 1979 McKinney's Session Laws of NY, p 1453; see Farrell, Civil Practice, 31 Syr L Rev 15, 25-26). ¶ Defendants argue, however, that they did not ship goods into this State because the invoice provided for shipment "F.O.B. Wilton, N.H.", and the plaintiff picked up the machine there. Plaintiff responds that the F.O.B. term is irrelevant since it relates solely to the transfer of title and assumption of risk of loss (see Uniform Commercial Code, § 2-319). The jurisdictional significance of delivery terms remain an area of great conflict (see Comment, Risk of Loss and State Long Arm Jurisdiction, 17 Hous L Rev 572), with some cases holding that the delivery terms are irrelevant as long as the seller had reason to know the goods would be used in the forum State (see, e.g., *Howes Co. v Milling Co.,* 277 P2d 655 [Okla]; *Benn v Linden Crane Co.* 326 F Supp 995; *Jeno's, Inc. v Tupman Thurlow Co.,* 349 F Supp 1185), while others reason that the nonresident's responsibilities terminated when the goods were made available in the nonforum State so that it cannot be said that the nonresident purposefully conducted activities within the forum State (see, e.g., *Droukas v Divers Training Academy,* 375 Mass 149; *Joyce & Assoc. v Paoli Steel Corp.,* 491 F Supp 1095). In addition, it is said, if the statute were held to apply to a mere contract to ship goods F.O.B. an out-of-State location, serious constitutional problems would be raised (see *Erlanger Mills v Cohoes Fibre Mills,* 239 F2d 502; *Droukas v Divers Training Academy, supra; Joyce & Assoc. v Paoli Steel Corp., supra*). ¶ We need not now decide the difficult question as to whether a mere contract to ship goods by a nonresident, F.O.B. the seller's place of business, provides sufficient minimum contacts to create jurisdiction, since in the instant case the defendants had additional contacts with the forum State. With respect to defendant Blanchard, those contacts involved the visits

to New York of its employees or agents in the performance of its contractual duties, such as the installation of the machinery, the instruction as to its use, the replacement of damaged parts, and the repair of others (see *Wisconsin Elec. Mfg. Co. v Pennant Prods.*, 619 F2d 676; *Sumners v Continental Copper & Steel Inds.*, 445 F2d 141). Considered together, these activities evidence an intention on the part of defendant Blanchard to purposefully avail itself of the benefits and protections of the forum's law (see *Hanson v Denckla,* 357 US 235, *supra;* Note, Long Arm Jurisdiction in Commercial Litigation: When is a Contract a Contact?, 61 BU L Rev 375), and we do not regard it as unfair to subject it to New York jurisdiction. The same conclusion can be drawn as to defendant Abbott whose employee visited New York to repair the machinery and therefore supplied "services" in the State. In light of the legislative intent to extend jurisdiction to the limits of due process, we give a broad construction to the phrase "supply goods or services in the state" (see *Sarno v Florida East Coast Ry. Co.*, 327 F Supp 506; Siegel, NY Prac, § 86A [1981-1982 Supp]), and hold that jurisdiction over the defendants may be predicated on that basis. Accordingly, there should be a reversal, and the plaintiff's motion to dismiss the affirmative defenses of lack of jurisdiction should be granted. Lazer, J. P., Niehoff, Boyers and Lawrence, JJ., concur.