■ JONATHAN MELENDEZ, Respondent, v PROFESSIONAL MACHINE & TOOL COMPANY, LTD., Appellant, et al., Defendants.— In an action to recover damages for personal injuries, the defendant Professional Machine & Tool Company, Ltd., appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered January 9, 1991, which denied its motion pursuant to CPLR 301 and 302 to dismiss the complaint upon

the ground that the court does not have in personam jurisdiction.

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that in personam jurisdiction existed over the defendant Professional Machine & Tool Company, Ltd. (hereinafter PROMA) pursuant to CPLR 302 (a) (1). Paragraph (1) of CPLR 302 (a) was amended in 1979 to abrogate the "mere shipment" rule established by prior case law and was proposed to extend New York long-arm jurisdiction to its constitutional limits *(see, Island Wholesale Wood Supplies v Blanchard Indus.,* 101 AD2d 878, 879; Recommendation of Law Rev Commn to 1979 Legislature, 1979 McKinney's Session Laws of NY, at 1450-1453). To meet the demands of due process, a defendant's contacts with the forum State must be such that maintenance of the suit " 'does not offend "traditional notions of fair play and substantial justice" ' " *(Island Wholesale Wood Supplies v Blanchard Indus., supra,* at 879, quoting *International Shoe Co. v Washington,* 326 US 310, 316). Moreover, when a foreign corporation " 'purposefully avails itself of the privilege of conducting activities within the forum State' ", it can reasonably anticipate being subject to suit there *(World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 297, quoting *Hanson v Denckla,* 357 US 235, 253). "As intended by its drafters, the amendment [the 1979 amendment to CPLR 302 (a) (1)] deems the shipment of goods into the State * * * to be an act by which a nondomiciliary avails itself of the privilege of conducting activities in the State" *(Island Wholesale Wood Supplies v Blanchard Indus., supra,* at 879, citing Recommendation of Law Rev Commn to 1979 Legislature, 1979 McKinney's Session Laws of NY, at 1453).

At bar, the record clearly demonstrates that PROMA, a Canadian corporation, manufactured the machine in question and shipped it into New York. The fact that the machine was shipped F.O.B. Canada is immaterial since the totality of the defendant's actions in New York reveals that PROMA purposefully invoked the benefits and protections of the laws of New York *(see, Seaman v Fichet-Bauche N. Am.,* 176 AD2d 793; *SBR Realty Corp. v Pave-Mark Corp.,* 175 AD2d 240). Specifically, PROMA derived a total of $175,000 Canadian from sales made in New York in the year in question, and this constituted approximately 8% of PROMA's total sales that year *(see generally, Tonns v Spiegel's,* 90 AD2d 548). Accordingly, the Supreme Court has in personam jurisdiction over

PROMA *(see,* CPLR 302 [a] [1]). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.