**MODERN COMPUTER CORP., Midern Computer, Inc. and Microstar Computers, Inc., Plaintiffs,**

**v.**

**Hsi K. MA and Ralph Oman, as Registrar of Copyrights, Defendants.**

No. CV 93–794 (ADS).

United States District Court, E.D. New York.

Sept. 23, 1994.

940

Colucci & Umans by Kenneth R. Umans, Curtis, Mallet–Prevost, Colt & Mosle by Turner P. Smith, New York City, for plaintiffs.

Sidney N. Weiss, New York City, for defendant Hsi K. Ma.

Zachary W. Carter, U.S. Atty. E.D.N.Y. by Millicent Y. Clarke, Elliot M. Schachner, Asst. U.S. Attys., Brooklyn, NY, for defendant the Registrar of Copyrights.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this action for a declaratory judgment of non-infringement and patent/copyright invalidity, the plaintiffs contend that their computer products do not infringe on the copyright and patent of the defendant Hsi K. Ma ("defendant" or "Ma"). According to the plaintiffs, Ma's copyright and patent are invalid because they were fraudulently obtained. The complaint further alleges pendent state law claims against Ma for tortious interference with the plaintiffs' contractual and business relations, and unfair competition.

Ma moves pursuant to Fed.R.Civ.P. 12(b) to dismiss this action on the grounds that (1) the Court lacks personal jurisdiction over him, (2) venue in the Eastern District of New York is improper, and (3) *forum non conveniens*. In the alternative, Ma moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to another venue, or to stay the proceedings in this case until the resolution of an action involving similar claims between the parties that is pending in the Republic of China ("Taiwan"). The plaintiffs oppose the motion.

## PARTIES AND BACKGROUND

The plaintiff Modern Computer Corp. ("Modern"), is a corporation organized and existing under the laws of Taiwan, with its place of business in Taipei, Taiwan. Modern is in the business of designing, creating, manufacturing and selling computers, including "Notebook Computers" ("notebooks"). Through its distributors, Modern alleges it does business in the United States in interstate commerce, including in the Eastern District of New York.

The plaintiff MicroStar Computers, Inc. ("MicroStar"), is a corporation organized under the laws of New Jersey. MicroStar alleges it is engaged in the sale and distribution of Modern's notebooks in the United States, including within the Eastern District of New York.

The plaintiff Midern Computer Inc. ("Midern"), is a corporation organized under the laws of California. Allegedly, Midern is also engaged in the sale and distribution of Modern's notebooks in the United States, including within the Eastern District of New York.

The defendant Ma is an individual residing in Taipei, Taiwan. Ma is the founder of Modern, and from sometime in 1984 until August 1992 was the president and chief executive officer of that company. According to the plaintiff, Ma does business in the United States in interstate commerce, and has an agent/attorney who does business in the Eastern District of New York.

The defendant Ralph Oman was the Register of Copyrights, United States Copyright Office, Washington D.C. Currently, the act-

ing Registrar of Copyrights is Barbara Ringer.

According to the plaintiffs, Ma was not only the President and CEO of Modern, but was also in charge of research and development for Modern. Among Ma's research and development duties was developing the design of Modern's NOTESTAR and SAGER notebooks. Essentially, the plaintiffs claim that while working for Modern in Taiwan, Ma misappropriated Modern's customer lists and unlawfully obtained technical drawings of the computer designs developed by Modern for its NOTESTAR and SAGER notebooks, in order to "infringe and usurp" Modern's rights to those computer designs.

The plaintiffs allege that on August 14, 1992 Ma filed a fraudulent application with the United States Copyright Office and wrongfully procured a Copyright Registration Certificate, VA 525,703 ("Certificate"), for the copyright of the notebook designs he unlawfully obtained from Modern.

The plaintiffs further allege that Ma then filed the Certificate with the United States Bureau of Customs ("Customs Bureau"), falsely representing himself to be the true owner of the Certificate and the work covered therein. By filing the Certificate with the Customs Bureau, Ma sought to prevent the importation into the United States of products bearing the same designs covered by the Certificate. According to the plaintiffs, Ma also misrepresented to the Customs Bureau that Modern's NOTESTAR and SAGER notebooks were infringing and pirated copies of the copyrighted designs covered by his Certificate.

Based on Ma's representations and filing, the Customs Bureau listed the plaintiff Modern as an exporter, and the plaintiffs Midern and MicroStar as importers, of infringing and pirated copies of Ma's copyright. The plaintiffs allege that Modern's notebooks were then seized by the Customs Bureau at ports of entry in the United States during November, 1992, including John F. Kennedy Airport in New York. Although the Customs Bureau later rescinded its order to seize Modern's notebooks, the plaintiffs contend that this was not until early 1993, and that in the interim Modern was unable to fulfill its notebook orders in the New York marketplace.

In addition to the above, the plaintiffs allege that Ma filed an application with the United States Patent and Trademark office on October 15, 1991 for a patent covering a "Battery and Expansion Slot Changeable Computer," and obtained Patent No. 5,058,045. Modern contends, however, that it is the owner of the patent on account of a valid assignment of the patent by Ma to Modern on June 12, 1991. According to Modern, this assignment was upheld by a civil judgment of the Taipai Shihlin District Court on October 27, 1992, and an appeal by Ma was denied by the Taiwan High Court on June 21, 1993.

The plaintiffs also allege that through the law firm of Bucknam and Archer located in Garden City, New York, Ma sent to MicroStar and certain of MicroStar's and Modern's customers in New York appearing on the lists allegedly misappropriated by Ma, a letter of infringement demanding that the plaintiff and their customers cease and desist from distributing or selling the notebooks. As a result of this cease and desist letter to MicroStar and the customers in New York, the plaintiffs allege that they lost sales of their notebooks in the New York market area.

## THE PLAINTIFF'S COMPLAINT

Based on the controversy described above concerning the copyright and patent obtained by Ma, the plaintiffs commenced this action for a declaratory judgment on February 23, 1993. The complaint sets forth six causes of action. The first two causes of action concern the copyright Certificate, and seek (i) to have the Certificate cancelled, (ii) a declaration that the NOTESTAR and SAGER notebooks do not infringe any valid copyright in Ma's Certificate, and (iii) a declaration that Ma is not the owner of the copyright. The third and fourth causes of action concern Ma's patent, and seek a declaratory judgment that the sales and distribution of the plaintiffs' notebooks do not infringe on Ma's patent. The remaining two causes of action allege state law tort claims for deliberate interference by Ma in the contractual and business relations of the plaintiffs (count

five), and misappropriation by Ma of Modern's trade secrets and customer lists resulting in unfair competition (count 6).

As a result of Ma's actions, the plaintiffs' contend that they have been irreparably harmed in their business and notebook sales, and have no adequate remedy at law. The plaintiffs seek the following relief:

(1) cancellation of the Copyright Registration Certificate, VA 525,703;

(2) declaratory relief that Modern's NOTESTAR and SAGER notebooks do not infringe any valid copyright certificate of Ma, and that the plaintiff Modern, and not Ma, is the valid owner of the copyright;

(3) that the defendant Register of Copyrights transfer the copyright to Modern;

(4) declaratory relief that the plaintiff's are not infringing Ma's rights under Patent No. 5,058,045;

(5) enjoining Ma from asserting that the plaintiffs are infringing on the patent;

(6) that the defendant Ma and/or the Acting Commissioner of Patents and Trademarks be ordered to transfer the patent to Modern;

(7) that Ma be enjoined pending the final adjudication in this action, from prosecuting any action against any "advertisers, buyers, sellers, or users" of the plaintiffs' NOTESTAR and SAGER notebooks, based on alleged infringement of patent rights under the patent;

(8) that Ma, and any agents or persons acting in concert with Ma, be enjoined from unfairly competing with the plaintiffs and asserting any rights under the copyright registration;

(9) that the defendant Ma execute all documents necessary to transfer to the plaintiff Modern all rights in the copyright and patent; and

(10) $3 million in actual damages, $9 million in punitive damages, and reasonable attorney's fees.

## MOTIONS BEFORE THE COURT.

Ma moves to dismiss, transfer or stay this case pursuant to a variety of Rules under Fed.R.Civ.P. 12(b). First, Ma moves pursuant to Rule 12(b)(2) to dismiss the complaint for lack of personal jurisdiction. Ma moreover contends that the action must be dismissed pursuant to Rule 12(b)(5), due to insufficiency of service. Second, Ma moves that the action should be dismissed pursuant to Rule 12(b)(3) because the action is improperly in the Eastern District. In addition, Ma contends that the action should be dismissed on the grounds of *forum non conveniens.*

If the Court does not dismiss the case, Ma moves in the alternative under 28 U.S.C. § 1404 to transfer the case to an appropriate venue. Ma also moves to stay this suit pending the outcome of an action in Taiwan involving the plaintiff Modern and he, in which issues similar to the ones presented here are being litigated.

## DISCUSSION

As an initial matter, the Court notes that this action for a declaratory judgment is a justiciable controversy, and that the Court has subject matter jurisdiction to hear this case under the Copyright Act, 17 U.S.C. § 101 *et seq.,* and the Patent Act, 35 U.S.C. § 102 *et seq. See Fisher–Price, Inc. v. Well-Made Toy Mfg. Corp.,* 1993 WL 379589 at *1; 1993 U.S. Dist LEXIS 13416 at *3 (W.D.N.Y. Sept. 21, 1993) (declaratory actions for noninfringement and invalidity of copyrights and patents arise under the respective statutes), *aff'd in relevant part and vacated in part,* 25 F.3d 119 (2d Cir.1994); *see generally* 6A J. Moore's Federal Practice, ¶ 57.20 at 57–222.

### 1. Personal Jurisdiction Over Ma.

■ If the Court relies on the pleading and affidavits alone when considering a motion to dismiss for lack of jurisdiction, as it does here, the plaintiff need only make a *prima facie* showing of jurisdiction in order to defeat the motion. In that event, the pleading and affidavits are construed in the light most favorable to the plaintiff, and all doubts are resolved in his or her favor. *Cut-Co Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *En Vogue v. UK Optical Ltd.,* 843 F.Supp. 838, 842 (E.D.N.Y.1994). If the jurisdictional issue requires an evidentiary hearing, then the plaintiff must establish jurisdiction by a preponderance of evidence. *CutCo.,* 806 F.2d at 365.

■ To determine whether a Court has personal jurisdiction over a defendant, it is necessary to examine the relevant statutes of the forum state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). Under New York law, the Court must follow a two-step procedure in order to determine whether there is personal jurisdiction over a defendant: (1) the Court must determine whether New York Civil Practice Law and Rule ("CPLR") sections 301 or 302 provide a basis for personal jurisdiction, and (2) if they do, the Court must then conduct a constitutional inquiry to determine whether the exercise of personal jurisdiction over the defendant would offend due process pursuant to *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. *See A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 82 (2d Cir.1993).

■ Pursuant to CPLR § 301, the Court can exercise general jurisdiction over a non-domiciliary based on the defendant's "presence" within the state. The defendant is present if he is found to be "doing business" in the state. *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227 N.E.2d 851, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). "Doing business" has been equated with a continuous and systematic course of business by the defendant in New York. *En Vogue,* 843 F.Supp. at 842; *Twine v. Levy,* 746 F.Supp. 1202, 1204 (E.D.N.Y.1990).

■ The complaint alleges that Ma does business in the United States, including within the Eastern District. The extent to which Ma does business in New York, however, is not further elucidated. Indeed, the only contact by Ma with New York that the plaintiff actually details is an alleged "agency" relationship with Bucknam and Archer, the attorneys who allegedly sent the cease and desist letters to MicroStar, and to Modern's and MicroStar's customers in New York. In this Court's view, these allegations do not make a *prima facie* showing that Ma consistently and systematically does business in New York.

■ Moreover, the Court cannot attempt to exercise personal jurisdiction over Ma by utilizing a national (aggregate) contacts approach, because neither the patent nor copyright statute provides for nationwide service of process. *See Chandler v. Barclays Bank PLC,* 898 F.2d 1148 (6th Cir.1990) (patent statute), *Volk Corp. v. Art–Pak Clip Art Service,* 432 F.Supp. 1179, 1181 (S.D.N.Y.1977) (copyright statute). *See also Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 297 (3rd Cir.1985) (refusing to apply national contacts approach in absence of a patent law authorizing nationwide service of process), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985). Thus, our examination must be restricted to an inquiry of Ma's minimum contacts with the forum state under New York's long-arm statute, CPLR § 302.

The plaintiffs contend that personal jurisdiction over Ma can be obtained under the long-arm statute, pursuant to CPLR § 302(a)(2) and (a)(3). Section 302(a)(2) provides that New York courts may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." Section 302(a)(3) provides for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state," if he or she regularly does or solicits business within the state, derives substantial revenue from goods used or consumed or services rendered in the state, or reasonably expects the act to have consequences in the state and derives substantial benefit from interstate or international commerce.

■ The torts at issue are alleged in the fifth and sixth causes of action. The fifth cause of action in the complaint alleges that Ma tortiously interfered with the plaintiffs' contractual relations, and with the business relations of their New York customers. The tort was allegedly effected through the cease and desist letter sent by Bucknam and Archer on behalf of Ma to the plaintiffs and their New York customers. The attorneys' activities are attributable to Ma for purposes of personal jurisdiction, because they were on his behalf and were of benefit to him. *See Plaza Realty Investors v. Bailey,* 484

F.Supp. 335, 347 (S.D.N.Y.1979). According to the plaintiffs, interference was further effected by the seizure of Modern's notebooks at John F. Kennedy airport by the Customs Bureau. The sixth cause of action in the complaint alleges, in part, a claim of unfair competition resulting from Ma's misappropriation of Modern's customers list.

■ Courts have consistently held that in the context of an action for non-infringement in copyright or patent cases, the sending of a cease and desist letter to the alleged infringer is alone insufficient to establish the minimum contacts necessary for personal jurisdiction. *Database America, Inc. v. Bell South Advertising & Publishing Corp.*, 825 F.Supp. 1195, 1213 (D.N.J.1993) (citing cases); *Kash 'N Gold, Ltd. v. ATSPI, Inc.*, 690 F.Supp. 1160, 1163 (E.D.N.Y.1988).

Indeed, in *Kash 'N Gold*, the court opined that the plaintiff's allegation of unfair competition arising from a letter by the defendant threatening to sue the plaintiff and its customers for allegedly infringing on the defendant's patent was not a reliable basis for long-arm jurisdiction under CPLR 302(a)(2). *See id.* at 1163. However, in that case Judge Nickerson was reluctant to hold that the plaintiff did not establish a *prima facie* case for in personam jurisdiction, because the parties had not "frontally addressed" the merits of the plaintiff's tort claims.

This Court is equally reluctant to hold that, on the facts presented, the plaintiffs have failed to establish a *prima facie* case for personal jurisdiction over Ma under section 302(a)(2) and (a)(3). Here, the plaintiffs allege more than merely that a cease and desist letter was sent to them by Ma's attorneys. The complaint also alleges interference with customer business relations in New York, the seizure of Modern's notebooks in New York, and unfair competition resulting from the use of Modern's misappropriated customer lists in order to send customers in New York the cease and desist letters. Given that the parties have not directly addressed the tort claims arising from these allegations, the Court is wary in finding that a *prima facie* case of jurisdiction has not been made.

Construing the pleading and affidavits in favor of the plaintiff, the Court believes that at this stage of the litigation the plaintiffs have made a *prima facie* showing of personal jurisdiction over Ma pursuant to CPLR 302(a)(2) and (a)(3).

■ With respect to determining whether the demands of due process are met, the Court must consider whether the defendant's contacts with the forum state are such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Melendez v. Professional Machine & Tool Company, Ltd.*, 190 A.D.2d 657, 593 N.Y.S.2d 258 (2d Dept.1993) (quoting *International Shoe, supra*, 326 U.S. at 316, 66 S.Ct. at 158). Due process is not offended when a defendant "purposefully avails [him]self of the privilege of conducting activities in the forum state, [because he] can reasonably anticipate being subject to suit there." *Melendez*, 593 N.Y.S.2d at 259 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1986)). However, in such a situation the cause of action must arise from the defendant's activities in New York.

■ The United States Supreme Court has specified certain factors a Court should further consider in order to determine whether asserting personal jurisdiction would comport with "fair play and substantial justice." These factors include the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the interstate judicial system's interest in obtaining the most efficient resolution of the controversies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985); *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987).

■ Here, the causes of action for tortious interference and unfair competition allegedly arise from Ma's attorneys sending the cease and desist letters to MicroStar in New Jersey, and to Modern and MicroStar's customers in New York. In this Court's view, Ma's authorization to his attorneys to

send the cease and desist letters indicates that Ma purposefully availed himself of the privilege of conducting activities in New York, and that he could reasonably anticipate being subject to suit in New York as a result of those letters. *See, e.g., Barclays American/Business Credit, Inc. v. Boulware,* 151 A.D.2d 330, 542 N.Y.S.2d 587, 588 (1st Dept. 1989); *Abbate v. Abbate,* 82 A.D.2d 368, 441 N.Y.S.2d 506, 515–16 (2d Dept.1981).

Moreover, the Court believes that a consideration of the factors listed by the Supreme Court in *Burger King* supports exercising personal jurisdiction over Ma. Although the burden on Ma in coming all the way from Taiwan to litigate this matter is heavy, the plaintiffs have an equally vital interest in obtaining convenient and effective relief in a United States forum. Moreover, the interest of the interstate judicial system in obtaining the most efficient resolution of this controversy is great. In this regard, given that (1) the suit in the United States differs from the suit in Taiwan, as explained in more detail below, (2) the defendant's alleged tortious acts and injuries occurred in New York, and (3) the defendant has not indicated that any other federal district can actually entertain this suit, New York seems to be an appropriate forum for litigating the controversy.

Accordingly, for the reasons given above, this Court is of the view that the plaintiffs have at this stage of the litigation made a *prima facie* case for personal jurisdiction over Ma under CPLR §§ 302(a)(2) and/or (a)(3), and that such jurisdiction comports with due process.

### 2. Service of Process.

■ The plaintiffs contend that, pursuant to Fed.R.Civ.P. 4(f)(2)(A), Ma and his Taiwan attorney were served with the summons and complaint in Taiwan via registered mail. According to the plaintiffs, receipt for the registered letters was signed by the building guard. The plaintiffs also served the summons and complaint on Bucknam and Archer in New York.

Rule 4(f)(2)(A) provides that an individual in a foreign country may be served "in a manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction."

Ma alleges that the plaintiff's service was insufficient under Taiwanese law, because (1) the building guard could not accept service of process, and (2) Taiwanese law does not allow for service via mail by an individual or an attorney, but only by a clerk of the court. In support of his contention, Ma submits an affidavit from his Taiwanese counsel who states that the service was invalid under Taiwanese law.

The plaintiffs disagree, and contend that service was valid under Taiwanese law. In support of their contention, plaintiffs' Taiwanese counsel has submitted an affidavit in an attempt to show that the service by registered mail upon Ma did in fact comply with Taiwanese law, and that the building guard is authorized to accept service. In addition, the plaintiffs offer a letter by Bucknam and Archer which states that Ma did receive a copy of the summons and complaint.

■ When considering a motion to dismiss for lack of jurisdiction, the Court must construe the allegations in favor of the plaintiff. Based on the affidavits of the plaintiff's Taiwanese counsel, the Court finds that the plaintiff has established a *prima facie* showing that service was proper under Taiwan law.

■ Moreover, even assuming that service upon Ma was insufficient, the general rule in this Circuit is that in such situations such process is quashed and the action is preserved provided there is a reasonable prospect that plaintiff ultimately will be able to serve the defendant properly. *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir.1985); *Three Crown Limited Partnership v. Caxton Corporation,* 817 F.Supp. 1033, 1050 (S.D.N.Y.1993). The plaintiffs still have a reasonable prospect of serving Ma properly under the law of Taiwan, and accordingly, the complaint will not be dismissed due to insufficient process at this time.

### 3. Improper Venue

■ Because this is a declaratory judgment action involving patent and copyright

infringement, venue is governed by the general venue statute, 28 U.S.C. § 1391, rather than the specific venue statute for infringement actions, 28 U.S.C. § 1400. *Database, supra,* 825 F.Supp. at 1207 n. 24 (citing cases).

■■■ The plaintiffs contend that venue is proper in this district pursuant to 28 U.S.C. § 1391(d) and (e). 28 U.S.C. § 1391(d) provides that an alien may be sued in any district. It is uncontroverted that Ma, as a citizen and resident of Taiwan, is an alien. 28 U.S.C. § 1391(e) provides that, when a defendant to a civil action is an officer or employee of the United States, the action may be brought in any district (1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where the plaintiff resides if no real property is involved in the action. In the present case, the U.S. Register of Copyrights is named as a defendant.

On the other hand, Ma contends that venue is not proper in this district. Addressing only the applicability of 28 U.S.C. § 1391(e), Ma contends that no defendants reside in the Eastern District and that a substantial part of the events giving rise to the claim did not occur in this district.

Ma's arguments are unpersuasive. First, venue is proper in this district under section 1391(d) because Ma is an alien. Second, it is this Court's view that a substantial part of the events giving rise to the claim occurred in this district.

It is well-established that in a declaratory judgment action for non-infringement and invalidation of a patent, a cease and desist letter cannot form the basis for venue under section 1391 on the grounds that the sending of the letter constitutes "a substantial part of the events giving rise to the claim." *See Database,* at 1224–25. In such cases, the transaction at issue is the granting of the copyright or patent, and the source of the cause of action for non infringement is the ownership and existence of the copyright or patent, not the sending of the cease and desist letter.

However, here the plaintiff has included claims of tortious interference in business relations and unfair competition. The substantial part of the events giving rise to *those* claims include not only the sending of the cease and desist letters to MicroStar's and Modern's New York customers, but also the seizure of Modern's notebook computers at JFK airport, and the alleged loss of business sales by customers in this district. In as much as these events are enough to warrant personal jurisdiction over Ma, they are sufficient also for the purposes of venue under section 1391(e). *See Database America, Inc. v. Bellsouth Advertising & Publishing Corp.,* 825 F.Supp. 1216, 1224, 1226–27 (D.N.J. 1993).

Accordingly, the defendants' motion to dismiss for improper venue is denied.

**4. Motion to Dismiss on the Grounds of *Forum Non Conveniens,* or in the Alternative to Transfer to Another District.**

If the Court does not dismiss this case on the grounds of lack of personal jurisdiction over Ma and/or improper venue, Ma moves for dismissal on the grounds of *forum non conveniens,* or in the alternative that the case should be transferred to another district pursuant to 28 U.S.C. § 1404.

A motion to transfer venue from one federal district court to another, when venue is initially proper, is governed by 28 U.S.C. § 1404(a), which provides, in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■■■ The goal of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), *quoting Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 (1960). The inquiry on such a motion to transfer is two-fold: First, whether the action sought to be transferred is one that "might have been brought" in the district court which the mov-

ant seeks to have the case litigated, *i.e.*, the "transferee" court. If so, second, whether, considering "the convenience of parties and witnesses" and "the interest of justice", a transfer to the proposed district is appropriate. *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 986 (E.D.N.Y.1991); *Schneider v. Sears*, 265 F.Supp. 257, 261 (S.D.N.Y. 1967).

■ On such a motion to transfer, the movant bears the burden to "clearly" establish that a transfer is appropriate and that the motion should be granted. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218–19 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *see also Arrow Elecs., Inc. v. Ducommun, Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y.1989), *quoting Morales v. Navieras de Puerto Rico*, 713 F.Supp. 711, 712 (S.D.N.Y.1989); *Schneider, supra*, 265 F.Supp. at 263. The movant must support the application with an affidavit containing detailed factual statements relevant to why the transferee forum is more convenient, including the potential principal witnesses expected to be called and a general statement of the substance of their testimony. *Factors*, 579 F.2d at 218; *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1321 (S.D.N.Y.1989).

Courts have employed a variety of factors that serve as a guidepost in helping to determine whether to transfer a case to another district, none of which are singly dispositive. Those factors include: (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances. *See, e.g., Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Schieffelin*, 725 F.Supp. at 1321; *Miller v. County of Passaic*, 699 F.Supp. 409, 411 (E.D.N.Y.1988), *citing Gulf*

*Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1946); *Schneider*, 265 F.Supp. at 263.

■ Although these factors are essentially the same as those considered in determining whether an action should be dismissed for *forum non conveniens, see Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955), section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis. *Id.* at 32, 75 S.Ct. at 546.

■ Finally, whether an action should be transferred under section 1404(a) or dismissed on the grounds of *forum non conveniens* is left to the sound discretion of the district court. *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989) (transfer under section 1404, citing cases); *American Dredging Co. v. Miller*, —— U.S. ——, ——, 114 S.Ct. 981, 989, 127 L.Ed.2d 285 (1994) (*forum non conveniens* ).

■ The defendant contends initially that this case should be dismissed on the grounds of *forum non conveniens*. According to Ma, Taiwan is the most appropriate forum for the litigation of this case, because the case involves questions of Taiwan law, all of the evidence is in Taiwan, all of the parties and witnesses are in Taiwan, Ma's actions occurred in Taiwan, and it would be very costly to bring the parties and witnesses to a New York forum. However, if the Court decides not to dismiss the case on the grounds of *forum non conveniens*, Ma contends that this case should be transferred to a district in California because "California is substantially closer to Taiwan than New York."

In this Court's view, Ma's contentions are without merit. With respect to transfer under section 1404(a), Ma has not met any of the criteria outlined above that would warrant such a transfer. First, Ma has not shown that this case can be brought in any other district, including a district in California. Second, Ma has not met his burden of providing detailed factual statements rele-

vant to the factors that would favor transfer to the more convenient forum, be it in California or Taiwan. His contentions are supported by mere general allegations of convenience. Moreover, while some issues regarding the assignment of his patent to Modern are governed by Taiwan law, the primary issues to be litigated in this case arise under the federal copyright and patent statutes, and New York tort law. Witnesses with respect to the plaintiffs' allegations of interference in business relations and unfair competition are in New York, not California or Taiwan. These factors militate in favor of a New York forum, and against transferring the case.

For the same reasons, the Court will not dismiss the case on the grounds of *forum non conveniens*. In the Court's view, a trial in this forum would not establish "oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience." *American Dredging*, —— U.S. at ——, 114 S.Ct. at 985.

Accordingly, Ma's motions to dismiss on the grounds of *forum non conveniens*, or in the alternative to transfer this case to another district pursuant to 28 U.S.C. § 1404(a) are denied.

### 5. Motion to Stay This Case.

Finally, Ma asserts that the parties before the Court are litigating issues similar to those presented here before the courts of Taiwan. If the Court does not dismiss or transfer this case, Ma contends that the Court should stay the present action until the Taiwanese case is resolved.

Ma alleges that the a Taiwanese civil court has already heard the case involving Ma's right to obtain intellectual property rights created by him while he was at Modern, and that it ruled in his favor. Ma contends however, that he is currently appealing a portion of the ruling that validates his assignment of those rights to Modern. On the other hand, the plaintiff alleges that the civil proceeding in Taiwan has been litigated to a conclusion, and the "High Court in Taiwan affirmed the decision of the trial court which enforced the patent assignment Ma had made in 1991."

A federal court has the inherent power to stay an action while a foreign proceeding is pending. *Ronar, Inc. v. Wallace*, 649 F.Supp. 310, 318 (S.D.N.Y.1986) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). The relevant factors in determining whether to grant a stay "include the similarity of parties and issues involved, promotion of judicial efficiency, adequacy of relief available in the alternative forum, consideration of fairness to all parties and possible prejudice to any of them, and the temporal sequence of filing for each action." *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F.Supp. 880, 884 (S.D.N.Y.1991).

If, however, the foreign proceeding will not resolve all the issues presented in the federal action, a federal district court need not stay the action pending resolution of the foreign proceeding. *See Herbstein v. Bruetman*, 743 F.Supp. 184, 190 (S.D.N.Y. 1990).

In the present case, notwithstanding whether or not the Taiwanese suit has been resolved, there are several other claims—namely tortious interference with business relations, unfair competition, and the validity of the copyright—that are not at issue in the Taiwan litigation, although these issues are related to that litigation. Moreover, while the Taiwanese courts' rulings on the validity of an assignment of the patent to Modern may have a preclusive effect in this Court, there may be other issues raised with respect to the patent infringement issue that were not addressed by the courts in Taiwan.

Accordingly, because the proceedings in Taiwan will not resolve all of the issues with which this Court has been presented, the defendant's motion to stay the case is denied.

### CONCLUSION

For the reasons stated in this decision, it is hereby

**ORDERED,** that the defendant's motion to dismiss the complaint pursuant Fed. R.Civ.P. 12(b)(2) on the grounds of lack of personal jurisdiction over the defendant is DENIED; it is further

**ORDERED,** that the defendants' motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(3) on the grounds that venue is improper in the Eastern District of New York is DENIED; it is further

**ORDERED,** that the defendants' motion to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(5) on the grounds of insufficiency of process is DENIED; it is further

**ORDERED,** that the defendants motion to dismiss the complaint on the grounds of *forum non conveniens* is DENIED; it is further

**ORDERED,** that the defendants' motion to transfer this case to another district pursuant to 28 U.S.C. § 1404 is DENIED; it is further

**ORDERED,** that the defendants' motion to stay this case is DENIED; and it is further

**ORDERED,** that pursuant to Fed.R.Civ.P. 25(d)(1), the new caption to this case shall be:

MODERN COMPUTER CORP., MIDERN COMPUTER, INC. and MICROSTAR COMPUTERS, INC., Plaintiffs,

-against-

HSI K. MA and Barbara Ringer, as acting Registrar of Copyrights, Defendants.

The parties are directed to immediately proceed with discovery in this case.

**SO ORDERED.**